# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Case No. 10-49730 |
| | ) | |
| Andrew Cholowicz | ) | Chapter 7 |
| | ) | |
| Debtor | ) | Hon. A. Benjamin Goldgar |

## NOTICE OF MOTION

TO:   See Attached Service List

**PLEASE TAKE NOTICE** that on **February 1, 2013** at **1:30 p.m.** or as soon thereafter as counsel may be heard, we shall appear before the Honorable A. Benjamin Goldgar, Bankruptcy Judge, or any judge sitting in his stead, at **North Branch Court (Round Lake Beach)**, or any other courtroom he may occupy at **1792 Nicole Lane, Round Lake Beach, Illinois, 60073** and shall there present **FINAL APPLICATION FOR ALLOWANCE OF FINAL COMPENSATION AND REIMBURSEMENT OF EXPENSES OF ILENE F. GOLDSTEIN, TRUSTEE,** a copy of which is attached hereto and is herewith served upon you, and shall pray for the entry of an Order in compliance therewith.

                    Ilene F. Goldstein, as Trustee
                    for Andrew Cholowicz


                    By:   /s/ Ilene F. Goldstein
                          One of Her Attorneys


Ilene F. Goldstein
Law Offices of Ilene F. Goldstein, Chartered
850 Central Avenue, Suite 200
Highland Park, IL 60035
(847) 926-9595

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 CASE |
| CHOLOWICZ, ANDREW | ) | |
| | ) | CASE NO. 10-49730 ABG |
| | ) | |
| | ) | JUDGE A. Benjamin Goldgar |
| Debtor(s) | ) | |

**TRUSTEE'S APPLICATION FOR COMPENSATION AND EXPENSES**

TO: HONORABLE A. Benjamin Goldgar
BANKRUPTCY JUDGE

NOW COMES <u>ILENE F. GOLDSTEIN</u>, Trustee herein, pursuant to 11 U.S.C. §330, and requests $<u>3,950.00</u> as compensation, $<u>0.00</u> of which has previously been paid, and $<u>0.00</u> for reimbursement of expenses, $<u>0.00</u> amount of which has previously been paid.

I. COMPUTATION OF COMPENSATION

Total disbursements to parties in interest, excluding the Debtor, but including holders of secured claims are $<u>32,000.00</u>. Pursuant to 11 U.S.C. §326, compensation should be computed as follows:

| | | |
|---|---|---|
| 25% of first $5,000.00 | $ 1,250.00 | ($1,250.00 maximum) |
| 10% of next $45,000.00 | $ 2,700.00 | ($4,500.00 maximum) |
| 5% of next $950,000.00 | $ 0.00 | ($47,500.00 maximum) |
| 3% of balance | $ 0.00 | |
| | | |
| TOTAL COMPENSATION | $ 3,950.00 | |

II. TRUSTEE'S EXPENSES

TOTAL EXPENSES                                         $          0.00

    The undersigned certifies under penalty of perjury that no agreement or understanding exists between the undersigned and any other person for sharing of compensation prohibited by the Bankruptcy Code. No payments have previously been made or promised in any capacity in connection with the above case.

Executed this 30th day of November, 20 12

Dated: November 30, 2012                /s/Ilene F. Goldstein
                                                  ILENE F. GOLDSTEIN, Trustee
                                                  Law Offices
                                                  850 Central Avenue
                                                  Suite 200
                                                  Highland Park, IL  60035

EXHIBIT A

**TASKS PERFORMED BY TRUSTEE**

The Trustee reviewed the Debtor's Schedule of Assets and Liabilities and Statements of Financial Affairs.  The Trustee conducted an examination of the Debtor at the Section 341 meeting of creditors.

1. The Trustee prepared semi-annual reports to the United States Trustee's Office.

2. The Trustee managed the estate's cash on hand.  This included investing the estate's funds in interest bearing accounts and maintaining a report of cash receipts and disbursements.

3. The Trustee examined the Debtor's records in an effort to identify additional assets available to the estate for liquidation and to verify the disposition of assets.

4. The Trustee attended to tax issues concerning the estate.

5. The Trustee reviewed the claims filed in this case.

6. The Trustee examined the Debtor. The Trustee participated in the closing of the estate and consulted with Counsel for the Debtor with respect to a recovery of money on an objection to discharge by a creditor which was subsequently settled for $32,000.00